# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60082
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2018

Lyle W. Cayce
Clerk

YING JIANG,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 438 541

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ying Jiang, a native and citizen of the People's Republic of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Jiang contends that he has a well-founded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60082

fear of persecution in China on the basis of his conversion to Christianity while in the United States.

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo and findings of fact are reviewed for substantial evidence. *Id.* Under the substantial evidence standard, the alien must show that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

In the administrative proceedings, Jiang conceded that he did not face past persecution in China on account of his religion. Therefore, Jiang had to show a well-founded fear of future persecution to be eligible for asylum. *See Chen v. Gonzales*, 470 F.3d 1131, 1135 (5th Cir. 2006). "To establish a well-founded fear of future persecution, an applicant must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Id.* at 1135 (internal quotation marks and citation omitted). The subjective fear requirement is satisfied in this case because Jiang, whom the IJ deemed a credible witness, testified that he feared arrest, detention, and possibly jail if he were removed to China. *See id.*

However, our review reveals that substantial evidence supports the BIA's conclusion that Jiang was not entitled to asylum because he failed to demonstrate an objectively reasonable well-founded fear of future persecution by showing that the Chinese government has the inclination to punish him. *See Chen*, 470 F.3d at 1135-37; *Wang*, 569 F.3d at 537. Jiang does not dispute that his father, mother, and brother were able to practice Christianity in China without incident since 2008. Furthermore, at a hearing before the IJ, Jiang stated that he did not know of anyone similarly situated to him who had been

No. 17-60082

persecuted upon their return to China. Finally, while Jiang notes that his father was questioned and fined in 2008 because Jiang had sent him religious materials, Jiang does not dispute that this was an isolated incident that did not rise to the level of persecution and that the Chinese government had not expressed any interest in him since 2008.

Jiang briefs no argument challenging the BIA's denial of his applications for withholding of removal based on religious persecution and asylum based on China's one-child policy. To the extent Jiang challenges the BIA's denial of his applications for withholding of removal based on China's one-child policy and CAT protection, he does not meaningfully challenge the BIA's reasoning that he was ineligible for relief. Accordingly, Jiang has abandoned any challenge to the BIA's denial of these claims. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Jiang's petition for review is DENIED.